UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| EILEEN K. BARNEY, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 1:08-cv-1225 |
| v. | ) | Honorable Robert Holmes Bell |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On October 27, 2005, plaintiff filed her application for DIB benefits, alleging an April 24, 2004 onset of disability. (A.R. 61-63). She later amended her alleged onset of disability date to July 15, 2005. (A.R. 47). Plaintiff's claim was denied on initial review. (A.R. 20, 42-45). On March 4, 2008, plaintiff received a hearing before an administrative law judge (ALJ) at which she was represented by counsel. (A.R. 341-87). On June 19, 2008, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 13-19). On October 30, 2008, the Appeals Council denied review (A.R. 4-6), and the ALJ's decision became the Commissioner's final decision.

On December 24, 2008, plaintiff filed her complaint seeking judicial review of the Commissioner's decision denying her claim for DIB benefits. The two issues raised by plaintiff are as follows:

> I. The ALJ committed reversible error by not properly considering the testimony of the vocational expert; and
>
> II. The ALJ committed reversible error by improperly evaluating the plaintiff's credibility.

(Statement of Errors, Plf. Brief at 13, docket # 9). Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within

which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from her amended onset of disability date of July 15, 2005, through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity on or after July 15, 2005. (A.R. 15). The ALJ found that plaintiff had the following severe impairment: "status post fracture of an upper limb." (A.R. 15). She did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 24). The ALJ found that plaintiff retained the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except lift[ing] and carry[ing] more than 20 pounds at a time and ten pounds frequently. She is unable to climb ladders, ropes and stairs[.] [S]he may not crouch or crawl more than

occasionally. She is unable to perform constant gross or fine manipulation with her right hand. She must avoid constant exposure to vibration to her right hand.

(A.R. 16).

The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible:

> Ms. Barney fell down a flight of stairs on [April] 24, 2004. She fractured her right ulnar and radial bones which were treated surgically. CT scanning verified a burst fracture of the T12 vertebral body (Exhibit 1F)[A.R. 146-62]. Pain management had been unsuccessful in treating her right hand pain and contraction of her fingers (Exhibit 3F)[A.R. 166-68]. On September 20, 2004, the claimant's right hand and wrist were again treated surgically with inclusion of a carpal tunnel release, ulnar nerve transplant, and removal of hardware (Exhibit 4F)[A.R. 169-71]. The claimant continued treatment from the hand surgeon. By August 16, 2005, the claimant's wrist motion [was] 50° to 55° of flexion, and 30° of extension. The specialist noted the contractures of her MP (metacarpo-phalangeal [joints]) were completely gone and the claimant had good flexion in those joints. Her IP (interphalangeal joints) had mild stiffness and the PIP (proximal interphelangeal joints) showed mild contractures. The hand surgeon stated that the claimant had made gains in the healing and use of her hands which he had not anticipated (Exhibit 6F)[A.R. 189]. Ms. Barney was discharged from physical therapy for her right upper extremity in November 2005. She had discontinued the treatment in August of that year, and the therapist noted improvement in the use of her right upper extremity (Exhibit 8F)[A.R. 221].
>
> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of the symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below. Even if the undersigned were to accept all of the claimant's statements regarding her impairments, these impairments lasted for less than one year after the alleged onset date, and therefore would not meet the durational requirement to be considered disabling.
>
> The claimant reported to the medical consultative examiner on February 1, 2006, that she enjoyed sewing, making clothes and knitting. The physician stated she could button a button, pick up a coin and open a door. Ms. Barney told the physician she had attempted to return to work on a part-time basis, but was unable to continue secondary to her ongoing back and hand pain. The claimant's range of motion stud[y] of her right hand was substantially normal. The physician estimated that she maintained about 70% of her pre-accident grip strength. The physician did note muscle atrophy in the right upper extremity, and her right wrist was slightly smaller (Exhibit 9F)[A.R. 294-99]. The claimant's orthopedic specialist found that

any back pain the claimant was experiencing after her vertebrae healed was musculature in nature.

(A.R. 17-18). The ALJ found that plaintiff was not disabled at Step 4 of the sequential analysis because she was capable of performing her past relevant work as a financial advisor, both as she performed it and as the job is generally performed in the national economy:[1]

> The claimant is capable of performing [her] past relevant work as a financial advisor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. Although the claimant stated that she attempted to return to work and was unable to do so secondary to back pain upon extended sitting, there is no requirement for such sitting without a change in position in the job description of a financial consultant. She also alleged that she was unable to keyboard effectively secondary to her right hand and wrist pain. However, the claimant reported extensive hobbies that require the use of her right hand to perform fine movements with her hand, including "fiddling with the computer." [A.R. 294]. The claimant's job as described by the vocational expert is consistent with the DOT ([D]ictionary of [O]ccupational [T]itles) including the Selected Characteristics of Occupations in the Revised DOT []. The vocational expert noted that this opinion was not in conflict with the information provided in the DOT [].

(A.R. 18). Plaintiff was found not entitled to DIB benefits because she was not disabled from July 15, 2005, through June 19, 2008. (A.R. 13-19).

---

[1] "Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009); *see Lindsley v. Commissioner*, 560 F.3d 601, 602-03 (6th Cir. 2009).

**1.**

Plaintiff argues that the ALJ committed reversible error "by not properly considering the testimony of the vocational expert." (Plf. Brief at 13; *see* Reply Brief at 2-3, docket # 12). Upon review, I find that plaintiff's argument is meritless.

The ALJ found that plaintiff was not disabled at Step 4 of the sequential analysis, because she was capable of performing her past relevant work.[2] It is well established that vocational expert testimony is not required at Step 4. *See Cruse v. Commissioner*, 502 F.3d 532, 545 (6th Cir. 2007); 20 C.F.R. § 404.1560(b)(2). The ALJ accepted the VE's testimony that a person with plaintiff's RFC would be capable of performing her past relevant work. (A.R. 18, 382). Even assuming *arguendo* that the VE had offered contrary testimony, the ALJ was not bound to accept the hearing testimony of any witness, including the VE. *See Banks v. Massanari*, 258 F.3d 820, 827-28 (8th Cir. 2001). The ALJ was not bound to accept the VE's testimony made in response to questions from plaintiff's attorney (A.R. 383-85), which included a more restrictive RFC and gave full credibility to plaintiff's subjective complaints. I find no error.

Plaintiff's brief quotes an excerpt from the ALJ's re-examination of the VE out of context. (Plf Brief at 13-14) (quoting A.R. 386-87). The VE's answers to the ALJ's questions confirmed that the three categories for hand usage in various occupations are constant,[3] frequent, and occasional. (A.R. 385-86). The ALJ then inquired whether, given the technological component of

---

[2] The ALJ was not required to proceed to Step 5 and make an alternative holding. If at any point in the sequential evaluation process the ALJ determines that a claimant is not disabled, the ALJ is <u>not</u> required to go on to the next step. 20 C.F.R. § 404.1520(a)(4); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006).

[3] The ALJ's RFC determination precluded constant use of plaintiff's right hand for gross or fine manipulation. (A.R. 16).

plaintiff's work as a financial advisor, the job could be performed with only one arm and voice-activated computer equipment. The VE responded that because use of voice-activated equipment would require additional training, it would fall within the category of a vocational rehabilitation service. (A.R. 386). Nothing in the VE's testimony undermines the ALJ's decision.

**2.**

Plaintiff argues that the ALJ committed reversible error by improperly evaluating plaintiff's credibility. (Plf. Brief at 13; Reply Brief at 3-4). She makes the following argument regarding her work history:

> [T]his Court should consider that before Plaintiff's accident, she had a steady and positive work history, and she made sustained attempts to return to h[er] job after the accident. She attended <u>122 physical therapy sessions</u> without missing one.[4] She took up hobbies of knitting and sewing in an attempt to restore as much of her arm's function as possible. She attempted to return to work for over a year without success. An ALJ must consider a claimant's work history when assessing h[er] credibility, and a good work history strengthens the claimant's credibility. *Schaal v Apfel*, 134 F.3d 496, 502 (2d Cir. 1998).

(Plf. Brief at 15). She argues in her reply brief that she was "entitled to a presumption of credibility" based on her work record and rehabilitation efforts. (Reply Brief at 3).

The Sixth Circuit has never held that a social security benefits claimant is entitled to a "presumption of credibility." It is the ALJ's function to determine credibility issues, *see Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987), and the claimant's work history is only one of the many factors that the ALJ can consider in making his credibility determination. *See* 20 C.F.R. § 404.1529; *see also White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009). The ALJ, plaintiff's attorney, and the VE all questioned plaintiff regarding the work she

---

[4] Plaintiff undoubtedly worked hard at rehabilitation and her effort is commendable, but it does nothing to undermine the ALJ's credibility determination.

had performed before and after her April 2004 accident. (A.R. 345-52). The work plaintiff had performed was sufficient to retain her disability insured status through December 31, 2010. (A.R. 15). The ALJ carefully considered plaintiff's work history. (A.R. 18). He found that plaintiff was not disabled because she was capable of performing her past relevant work. I find no legal or factual basis for any "presumption of credibility."

Further, the court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *see McGlothlin v. Commissioner*, 299 F. App'x 516, 523-24 (6th Cir. 2008). The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *see Collins v. Commissioner*, No. 08-6473, 2009 WL 4906907, at * 4-6 (6th Cir. Dec. 18, 2009). "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230,

1234 (6th Cir. 1993); *see White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009). The ALJ found that plaintiff's testimony regarding her functional limitations was not fully credible and supported his factual finding with specific record evidence citations. (A.R. 17-18). It was appropriate for the ALJ to take plaintiff's daily activities into account in making his credibility determination. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *see also Cox v. Commissioner*, 295 F. App'x 27, 33-34 (6th Cir. 2008). I find that the ALJ's credibility determination is supported by more than substantial evidence.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:   January 20, 2010          /s/  Joseph G. Scoville
                                   United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).