UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EILEEN K. BARNEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                        /

File No. 1:08-CV-1225

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER
## ADOPTING THE REPORT AND RECOMMENDATION

The is an action brought by Plaintiff Eileen K. Barney pursuant to 42 U.S.C. § 405(g), in which she seeks review of a final decision of the Commissioner of Social Security finding that she is not entitled to disability insurance benefits. On January 20, 2010, United States Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R"), recommending that the decision of the Commissioner be affirmed. (Dkt. No. 13.) Plaintiff filed objections to the R&R on February 3, 2010. (Dkt. No. 14.) For the reasons that follow, Plaintiff's objections are denied and the R&R is adopted as the opinion of the Court.

This Court is required to make a de novo determination of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In 2004, Plaintiff fractured bones in her right arm, requiring surgery and therapy. Plaintiff contends that she is unable to return to her work as a financial advisor, in part, because of limitations in the use of her right hand and arm.[1] (Admin. R. at 78-79.) The administrative law judge ("ALJ") determined that Plaintiff retained functional capacity to perform light work but is unable to perform *constant* gross or fine manipulation with her right hand. (*Id.* at 4.) The ALJ determined that Plaintiff could return to work as a financial advisor and that the limiting effects of the symptoms reported by Plaintiff were not fully credible. (*Id.* at 5-6.)

Plaintiff objects to the credibility finding of the ALJ. Plaintiff contends that the ALJ and R&R improperly relied upon a statement of the vocational expert ("VE") who testified that an individual unable to perform *constant* manipulation (in other words, able to perform *frequent* manipulation) with one hand could return to work as a financial advisor. (Admin. R. at 382.) The ALJ asked the VE, and the VE responded, as follows:

> Q. If we had a 60-year-old hypothetical claimant with education and past work experience that Ms. Barney possesses that was . . . unable to lift and carry more than 10 pounds frequently, 20 pounds occasionally. Unable to climb ladders, ropes and scaffolds. Unable to climb, stoop, crouch, crawl more than occasionally. Unable to perform constant gross, constant gross or fine manipulation with right hand or right upper extremity. Would need to avoid concentrated exposure to vibration on that right extremity. Would such an individual so restricted be able to perform Ms. Barney's past work?

---

[1] Plaintiff also alleged that she suffers from back pain when sitting or standing for extended periods of time, but the administrative law judge determined that those symptoms would not preclude her from returning to her past work. (Admin. R. at 13, ALJ op. at 18.) Plaintiff makes no reference to those symptoms in her objections.

A. Yes.

...

Q. If I dropped the weight restriction to 10 pounds, bring it into the sedentary range, would your answer be the same that she could perform that past work?

A. Yes.

(Admin. R. at 382.) In response to questions by Plaintiff's attorney, the VE later testified that an individual *un*able to perform *frequent* manipulation with one hand could not perform work as a financial advisor:

Q. Mr. Patrovich, if the claimant's restriction was changed so that she could not even do frequent use of the right hand under the circumstances given here previously, would that change your answers?

A. Yes. . . . It would mean that such a person couldn't perform the claimant's past relevant work.

(*Id.* at 383.) Plaintiff cites the following as testimony by the VE that Plaintiff could not return to work:

Q. [ALJ]: Okay. Do you have one-armed stock broker?

A. [VE]: Essentially not.

Q. Essentially not and that is due to the current environment as Ms. Barney described of computer access, is that what's going on?

A. Well, for a variety of reasons. Oh --- I need to be careful about my phraseology here, but at times a stock broker will need to finger, feel, keyboard, write, do other types of hand intensive things. Some days may be filled with meetings, there's more variety in skilled work than there is in semi-skilled work.

Q. Yeah, but we're talking bilateral, couldn't they write with their non-dominant hand?

> A. Well, the frame of reference I would use to respond to that would be that I see those as vocational rehabilitation services. It's possible that those services may exist, would benefit her to adapt to technology such as voice activated technology.
>
> Q. Voice activated --
>
> A. If we factor all of those vocational rehabilitation services in could she do the essential functions of her previous work, perhaps, she'd have to go through it first.

(*Id.* at 386-87.) Nothing in the foregoing testimony contradicts the VE's earlier testimony, or the ALJ's determination, that a person with Plaintiff's residual functional capacity, as described by the ALJ, can perform Plaintiff's past relevant work. Plaintiff contends that the ALJ's question to the VE did not contain a full description of Plaintiff's impairment; however, Plaintiff does not indicate the details that the question should have contained. To the extent Plaintiff contends that the ALJ should have asked the VE whether a person capable of only occasional use of their hand could perform Plaintiff's past work, that description does not accurately represent the residual functional capacity found by the ALJ. In other words, Plaintiff's contention goes to the ALJ's separate determination with respect to the level of Plaintiff's restrictions, and the related credibility determination, both of which are unrelated to the foregoing testimony by the VE.

Plaintiff also objects on the basis that the ALJ should have considered Plaintiff's work history and efforts at rehabilitation when evaluating her credibility, citing *Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998). However, *Schaal* merely held that it was proper for an ALJ to consider *poor* work history as a basis for a credibility finding. *Id.* at 502. It did not hold, as Plaintiff contends, that an ALJ is *required* to weigh evidence of *good* work history in a claimant's favor. *See id.* (noting that a poor work history might be probative of

4

credibility or might have the opposite significance). Even if the Court were to accept Plaintiff's argument, reversal would not be merited because the existence of evidence weighing in favor of Plaintiff's credibility is not, in itself, a basis for the Court to overturn a credibility determination. The issue before the Court is whether the ALJ's credibility determination is supported by substantial evidence in the record. *See Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."). For the reasons stated in the R&R, the Court agrees that the ALJ's determination is so supported. (*See* R&R 7-9.)

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 14) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 13), together with the discussion herein, is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

A judgment will be entered that is consistent with this opinion.


Dated: <u>March 18, 2010</u>              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       UNITED STATES DISTRICT JUDGE